**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


TIME WARNER, INC., in its capacity as
fiduciary for the Time Warner Group Health
Plan,

      Plaintiff,

v.                                                                    CASE NO: 8:10-cv-2359-T-26AEP

ALLAN NAVARRO, an incapacitated person by
and through Marilyn Navarro, as the Limited
Guardian of the Person and as Plenary Co-Guardian
of the Property of Allan Navarro, and SABAL TRUST
COMPANY as Plenary Co-Guardian of the Property of
Allan Navarro, an incapacitated person, and
SABAL TRUST COMPANY as Trustee of the Allan
Navarro Revocable Trust of 2007,

      Defendants.

_____/


**O R D E R**

      Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended

Complaint for Failure to State a Claim Upon which Relief can be Granted (Dkt. 22).

After careful consideration of the allegations of the First Amended Complaint (Dkt. 9),

the Court concludes that a response is unnecessary and the motion should be denied.

**STANDARD OF REVIEW**

      All factual allegations of the complaint are considered true and all inferences from

those facts will be construed in the light most favorable to the plaintiff.  See Speaker v.

U.S. Dep't of Health & Human Servs. Ctrs. of Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The factual allegations must be "enough to raise a right to relief above the speculative level." Sinaltrainal v. Coca- Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (quoting Twombly, 550 U.S. at 545). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, ___ U.S. ___, 129, S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## ANALYSIS

Defendants contend that Plaintiff has failed to state a claim for relief in the First Amended Complaint because the Employee Income Security Act of 1974 (ERISA) limits available remedies to fiduciaries, specifically excluding common law, as opposed to equitable, relief. Defendants further argue that the claims of equitable restitution, "enforcement of provisions," and imposition of a constructive trust fail because the property sought to be reimbursed to the trust is not specific identifiable property capable of tracing. The Court finds that all of Defendants' arguments are best left for resolution on future proceedings on the merits rather than a motion to dismiss. The Court is unequipped to engage in fact-finding tasks in the present posture of this case. Moreover,

in the Court's view, the allegations are sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief against Defendants.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon which Relief can be Granted (Dkt. 22) is **DENIED**.

(2)   Defendants shall file an answer and defenses to the First Amended Complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on February 16, 2011.


    s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record